UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CLORETHA PEAK,

    Petitioner,

v.                                          Case No. 4:11cv312/MP/CJK

WILLIAM T. TAYLOR,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241 and accompanying memorandum. (Docs. 1 & 2). The case was reassigned to this magistrate judge on April 21, 2014. (Doc. 20). The matter is now referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that petitioner has not demonstrated entitlement to proceed under § 2241, and that this action should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner, a federal inmate confined at the Federal Correctional Institution in Tallahassee, Florida, is currently serving a sentence imposed by the United States District Court for the Middle District of Florida ("Middle District") in *United States v. Taylor, et al.*, Case Number 6:95cr179. (Doc. 12-1, p. 3). Petitioner was found

guilty by a jury of one count conspiracy to commit carjacking, to use and carry a firearm during and in relation to a crime of violence, to obstruct commerce by robbery, to transport stolen goods in interstate commerce, and to possess with intent to distribute cocaine (Count One); carjacking resulting in death (Count Six); use of a firearm during a crime of violence (Count Seven); obstruction of commerce by robbery (Count Eight); use of a firearm during a crime of violence (Count Nine); and interstate transportation of stolen goods (Count Thirteen). (Doc. 12-1, p. 59). Petitioner's conviction was affirmed on appeal. (Doc. 12-1, pp. 66-69). Petitioner filed a motion to vacate her conviction pursuant to 28 U.S.C. § 2255, which was denied. (Doc. 12-1, pp. 72-95). Petitioner subsequently filed an additional motion to vacate under 28 U.S.C. § 2255. (Middle District Case Number 6:95cr179, docs. 260, 365). The Middle District dismissed that motion because it was a second or successive § 2255 motion and petitioner had not obtained authorization from the Eleventh Circuit to file such a motion. (Doc. 12-1, pp. 129-130).

In this habeas action, petitioner challenges her original conviction and sentence, alleging that she is "actually innocent." (Doc. 2, p. 1). Specifically, petitioner argues that she is being "illegally detained" and that two recent Supreme Court decisions "demonstrate nonexistent offense/actual innocence." Petitioner further claims that § 2255 is inadequate or ineffective "to test the legality of [her] detention," and that the § 2255(h) savings clause applies to her case. (Doc. 2). As relief, petitioner seeks immediate release from prison. (Doc. 2-1, p. 12).

DISCUSSION

The <u>execution</u> or carrying out of an initially valid confinement is generally the sole issue in a § 2241 action, as attacks on the <u>validity</u> of a conviction or sentence must be asserted on direct appeal or under 28 U.S.C. § 2255. *See United States v.*

*Hayman*, 342 U.S. 205, 72 S. Ct. 263, 96 L. Ed. 232 (1952); *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005) ("Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255."); *Broussard v. Lippman*, 643 F.2d 1131 (5th Cir. Unit A Apr. 27, 1981)[1] ("Attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241(c)."). Direct review of a federal conviction and sentence may be sought by filing a notice of appeal in the underlying criminal case. A collateral attack on the validity of a federal conviction or sentence is brought by filing a motion under 28 U.S.C. § 2255 in the court which imposed the sentence. *Darby*, 405 F.3d at 944. Section 2255 authorizes the filing of a motion to vacate, set aside, or correct a federal sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Section 2255(e) bars a § 2241 petition if the prisoner has failed to seek or has already been denied relief on a § 2255 motion, "unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 n.1 (11th Cir. 2008) ("[A] § 2255 motion is the exclusive remedy for a federal prisoner to collaterally attack his conviction and sentence, except in the rare cases where it is inadequate to do so."). The narrow exception to the § 2255(e) bar is called the "savings clause." *Gilbert v. United States*, 640 F.3d 1293, 1305-06 (11th Cir.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

2011) (*en banc*), *cert. denied*, — U.S. — , 132 S. Ct. 1001, 181 L. Ed.2 d 743 (2012). "The burden of demonstrating the inadequacy or ineffectiveness of the § 2255 remedy rests squarely on the petitioner." *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1333 (11th Cir. 2013) (*citing McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)). The Eleventh Circuit originally advanced a three-part test for use to determine whether § 2255 is inadequate or ineffective to test the legality of a prisoner's detention under the savings clause in *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999), but later classified the *Wofford* test as dicta.[2] *Turner*, 709 F.3d at 1333. Instead, the Eleventh Circuit determined that the actual holding of *Wofford* was "simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings," *Gilbert*, 640 F.3d at 1319, and further clarified that *Wofford* required a petitioner to satisfy two conditions in order to bring a claim under the savings clause: "[f]irst, the claim must be based upon a retroactively applicable Supreme Court decision . . . . [S]econd . . . the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion." *Williams v. Warden, Federal Bureau of Prisons*, 713 F.3d 1332, 1343 (11th Cir. 2013); *see also Johnson v. Warden*, No. 13-10741, 2013 WL 6850483, at *1 (11th Cir. Dec. 31, 2013) ("We have since interpreted *Wofford's* holding to impose two necessary, but not sufficient, steps to qualify under the savings clause: (1) the

---

[2] The *Wofford* test requires a petitioner to show: "(1) that [the] claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Wofford*, 177 F.3d at 1244. A prisoner must satisfy all three prongs of this test before the *Wofford* threshold is met. "[T]he savings clause does not exist to free a prisoner of the effects of his failure to raise an available claim earlier." *Id*. at 1245.

prisoner must present a retroactively applicable Supreme Court decision; and (2) that decision must have overturned circuit precedent that resolved his claim in a way that prevented him from bringing it at trial, on appeal, or in his first § 2255 motion.").

Although captioned as a § 2241 petition, petitioner is undoubtedly challenging the validity of her judgment of conviction and sentence, not the execution of her sentence. All of petitioner's claims are direct appeal or § 2255 claims that could have been, and were to some extent, raised in an earlier proceeding. *See Antonelli*, 542 F.3d at 1351-52 ("[A] prisoner may not avoid [the] gatekeeping [provisions] under § 2244(b) or § 2255(h) by a mere change of caption when, in substance, their lawsuit collaterally attacks a [conviction or] sentence."). Petitioner, recognizing the procedural bars she must overcome to bring her claims, alleges she is eligible for relief under the savings clause and takes issue with the Middle District's procedural treatment of her original § 2255 motion. (Doc. 2, pp. 9-11). As to petitioner's argument concerning the Middle District's procedural treatment of her previous habeas petitions, such an argument in no way addresses her eligibility to proceed under the savings clause; as such, this argument does not satisfy the requisite steps needed for this court to hear her petition.

Petitioner next argues that two Supreme Court decisions apply retroactively to her case–*Holloway v. United States*, 526 U.S. 1 (1999) and *Jones v. United States*, 526 U.S. 227 (1999). For a new rule of law, "[i]t is not enough that the new rule is or will be applied retroactively by the Eleventh Circuit or that it satisfies the criteria for retroactive application set forth by the Supreme Court . . . ." *In re Joshua*, 224 F.3d 1281, 1283 (11th Cir. 2000) (citations omitted). Instead, the "Supreme Court must make [the new rule] retroactive to cases on collateral review." *Id*. As to *Jones*, "it is clear that the Supreme Court has not made [the rule articulated in *Jones v.*

*United States*] retroactive to cases on collateral review." *Sustache-Rivera v. U.S.*, 221 F.3d 8, 15 (1st Cir. 2000). Similarly, *Holloway* also does not apply retroactively. *See Vieux v. Rathman*, No. 2:11-cv-02209-KOB-PWG, 2014 WL 294469, at *3 (N.D. Ala. Jan. 24, 2014) ("[N]either *Jones* [*v. United States*] nor *Holloway* [*v. United States*] are retroactively applicable to cases on collateral review."). Finally, petitioner contends that *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253 (11th Cir. 2013) is applicable to her case. *Bryant*, however, dealt with a habeas petitioner's conviction under 18 U.S.C. § 922(g). 738 F.3d at 1256. In *Bryant*, petitioner relied on *Begay v. United States*, 553 U.S. 137 (2008), a Supreme Court case which was retroactively applicable on collateral review and was applicable to the facts of that petitioner's case. Here, petitioner was not convicted for the same offenses as the defendant in *Bryant*, and petitioner's cited cases are not retroactively applicable to her claims.[3] At this time, petitioner is procedurally barred from bringing such claims under a § 2255 motion. *See Wofford*, 177 F.3d at 1242 ("'[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision . . . or because an individual is procedurally barred from filing a § 2255 motion . . . .'" (alterations in original)). Moreover, petitioner has not demonstrated any of the requisite factors entitling her to proceed under the savings clause. *See Williams*, 713 F.3d at 1343; *Wofford*, 177

---

[3] *Bryant* dealt with a petitioner's prior concealed-firearm conviction (as well as two prior drug convictions), which at the time that petitioner was convicted, qualified as a "violent felony" under § 924(e)(2)(B). These three convictions qualified the petitioner for increased penalties under the Armed Career Criminal Act ("ACCA"). 18 U.S.C. § 924(e)(1). "*Begay* . . . narrowed the class of people *who are eligible* for the § 924(e) increased statutory maximum of life for a § 922(g) crime." *Id*. at 1278 (emphasis in original). Here, petitioner's convictions for use of a firearm during a crime of violence arose under 18 U.S.C. § 924(c)(1) & 2 (Counts Seven and Nine). (Doc. 12-1, p. 59).

F.3d at 1244. As petitioner has not demonstrated entitlement to pursue habeas corpus relief under the savings clause, she cannot bring her claims by § 2241.

Accordingly, it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1) be DISMISSED WITH PREJUDICE for lack of jurisdiction, as petitioner has not demonstrated entitlement to proceed under that section.

2. That the Clerk be directed to close the file.

At Pensacola, Florida, this 6th day of May, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).