IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CLORETHA PEAK,

    Petitioner,

v.   CASE NO. 4:11-cv-00312-MP-CJK

WILLIAM T TAYLOR,

    Respondent.

_____/

**O R D E R**

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated May 6, 2014. (Doc. 21).  The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1).  Petitioner has filed objections at Doc. 22.  I have made a de novo review based on those objections.

Having considered the Report and Recommendation, and the timely filed objections, I have determined that the Report and Recommendation should be adopted.   The Court agrees with the Magistrate Judge that petitioner cannot trigger the savings clause of 28 U.S.C. § 2255(e) because the two cases upon which she relies, Holloway v. United States, 526 U.S. 1 (1999) and Jones v. United States, 526 U.S. 227 (1999), do not apply retroactively to cases on collateral review.

When a decision of the Supreme Court results in a "new rule," that rule applies to all criminal cases still pending on direct review. Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). As to convictions that are already final, however, the rule applies

only in limited circumstances. New *substantive* rules generally apply retroactively. This includes decisions that narrow the scope of a criminal statute by interpreting its terms, *see* Bousley v. United States, 523 U.S. 614, 620-621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998), as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish, *see* Saffle v. Parks, 494 U.S. 484, 494-495, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990); Teague v. Lane, 489 U.S. 288, 311, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (plurality opinion); Schriro, 542 U.S. at 352, 124 S.Ct. 2519

*Procedural* rules, on the other hand, "do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." Id. New procedural rules are retroactive only if they announce a "watershed rule[ ] of criminal procedure." Id. (internal quotation marks omitted). The Schriro Court set out the following test for differentiating substantive and procedural rules:

> A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes. See *Bousley, supra,* at 620-621, 118 S.Ct. 1604 (rule "hold[s] that a ... statute does not reach certain conduct" or "make[s] conduct criminal"); *Saffle, supra,* at 495, 110 S.Ct. 1257 (rule "decriminalize[s] a class of conduct [or] prohibit[s] the imposition of ... punishment on a particular class of persons"). In contrast, rules that regulate only the *manner of determining* the defendant's culpability are procedural. See *Bousley, supra,* at 620, 118 S.Ct. 1604.

Schriro v. Summerlin, 542 U.S. 348, 353 (2004).

Under this test, the cases relied upon by petitioner do not apply retroactively on collateral review. The two cases interpret 18 U.S.C. § 2119, the federal carjacking statute, which provided as follows at the time of petitioner's conviction[1]:

---

[1] Petitioner's offense occurred while the 1992 version of this statute was in effect, but she was sentenced when the 1996 version was in effect. The only difference between the two was

> Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall--
>
> > (1) be fined under this title or imprisoned not more than 15 years, or both,
> >
> > (2) if serious bodily injury (as defined in section 1365 of this title) results, be fined under this title or imprisoned not more than 25 years, or both, and
> >
> > (3) if death results, be fined under this title or imprisoned for any number of years up to life, or both, or sentenced to death.

The first case relied upon by the petitioner, Jones v. United States, 526 U.S. 227, 231 (1999), only sets out a procedural rule. In Jones, the Court held that subsections (2) and (3) of § 2119, which established higher penalties to be imposed when offense resulted in serious bodily injury or death, set forth additional elements of offense, not mere sentencing considerations. Thus, the Court held that the carjacking statute sets out three separate offenses by the specification of distinct elements, each of which must be charged by indictment, proven beyond a reasonable doubt, and submitted to a jury for its verdict. Id. at 231. This rule from Jones only addresses the manner of determining the guilt of a defendant. It does not restrict the scope of punishable conduct covered by the statute. Accordingly, Jones does not apply retroactively. Moreover, even if it did, it would not help petitioner. She was indicted and found guilty beyond a reasonable doubt by the jury of Count Six, which specifically included the requirement that death result from the car jacking.

---

that the parenthetical in subsection (2) was modified in 1996 to read "(as defined in section 1365 of this title, *including any conduct that, if the conduct occurred in the special maritime and territorial jurisdiction of the United States, would violate section 2241 or 2242 of this title*)" (the emphasis was added by the undersigned to indicate the added material in the 1996 version). This additional verbiage was not material to petitioner's conviction, and so any argument based on the differences between the 1996 and 1992 versions is without merit.

*Case No: 4:11-cv-00312-MP-CJK*

The other case relied upon by petitioner, <u>Holloway</u>, does not narrow the scope of a criminal statute by interpreting its terms. Instead, if anything, the <u>Holloway</u> opinion widened the scope of conduct covered.  In response to the argument that the introduction to § 2119 required the unconditional intent to cause death or serious bodily harm, rather than the intent to use harm only if necessary to effect the robbery, the Supreme Court held:

> Most of the judges who have considered the question have concluded, as do we, that Congress intended to criminalize the more typical carjacking carried out by means of a deliberate threat of violence, rather than just the rare case in which the defendant has an unconditional intent to use violence regardless of how the driver responds to his threat.

<u>Holloway v. United States</u>, 526 U.S. 1, 3 (1999).  Thus, all that <u>Holloway</u> changed was that those who only possessed conditional intent to cause death or serious injury were still covered by the statute.  Because <u>Holloway</u> expanded rather than narrowed the scope of conduct that triggers the statute, it is not a substantive new rule and cannot be applied retroactively on collateral review.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. The Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2241 is DISMISSED WITH PREJUDICE for lack of jurisdiction.

**DONE AND ORDERED** this _28th_ day of August, 2014

       *s/Maurice M. Paul*
       Maurice M. Paul, Senior District Judge